

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2007

# Campbell v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Campbell v. Atty Gen USA" (2007). *2007 Decisions*. Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3163
_____

HERBERT CAMPBELL,
Petitioner,

vs.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent.
_____

Petition for Review from the Board of Immigration Appeals
(BIA No. A30-085-159)

Initially Docketed as an Appeal from N.J. D.C. No. 03-cv-05721
Prior to the Enactment of the Real ID Act of 2005
_____

Argued on November 28, 2007
_____

Before: BARRY, FUENTES and GARTH, Circuit Judges.

(Opinion Filed:  December 5, 2007)

John W. Boyle, Esq. **(Argued)**
Matthew R. Divelbiss, Esq.
Jones Day
500 Grant Street, Suite 3100
Pittsburgh, Pennsylvania 15219-2502

Christopher J. Christie
Peter G. O'Malley **(Argued)**
Office of the United States Attorney
970 Broad Street

Newark, New Jersey 07102

_____

OPINION

_____

GARTH, <u>Circuit</u> <u>Judge</u>:

Because we write only for the parties, we recite only those facts relevant to this petition.

Petitioner Herbert Campbell ("Campbell") is a native and citizen of Jamaica who arrived in the United States in 1973. Campbell went on to serve in the United States Army during the Vietnam War. After being honorably discharged, Campbell was convicted for various narcotics violations, all of which involved the illegal possession and/or sale of marijuana. Based on these convictions, the Immigration and Naturalization Service ("INS") sought his removal in January 1997 under 8 U.S.C. § 1251(a)(2)(B)(i), which allowed for the removal of aliens convicted of controlled substance offenses.[1]

The INS instituted removal proceedings against Campbell by issuing an Order to Show Cause on January 27, 1997. At the time it issued the order, an INS Operations Instruction ("O.I.") 242.1(18) (1997) required that, in cases involving former members of the United States Armed Forces, no Order to Show Cause shall be issued "*unless prior*

---

[1] We note that 8 U.S.C. § 1251(a)(2)(B)(i) was repealed in 1996 and its authority transferred to 8 U.S.C. § 1227(a)(2)(B)(i)).

-2-

*approval* for such action has been received from the Assistant Commissioner Border Patrol or Investigations." (italics added)

After an Immigration Judge ordered Campbell removed to Jamaica, he appealed to the Board of Immigration Appeals ("BIA") and argued that the INS never received the approval required under O.I. 242.1(18) before issuing the Order to Show Cause. Therefore, he argued that no authority existed for the proceedings brought against him.

The BIA did not address this argument and instead affirmed the IJ's order of removal, which denied Campbell's applications for asylum, withholding of removal, and protection under the Convention Against Torture. After a number of procedural difficulties, none of which is relevant to Campbell's current petition for review, Campbell filed a *pro se* petition before the United States District Court, which was transferred to us under the REAL ID Act, 8 U.S.C. § 1252(a)(5).

Campbell initially raised various issues in his *pro se* petition before us which his *pro bono* counsel withdrew at oral argument. The one issue remaining before us now is whether the Order to Show Cause seeking his removal was void because the INS failed to receive the necessary prior approval under O.I. 242.1(18). Before hearing argument on this issue, we wrote to counsel inquiring whether any such prior approval was ever sought and received. Counsel for the Government responded that "there is no record that the Regional Commissioner reviewed or approved the issuance of the Order to Show Cause to the petitioner before it was issued."

Internal policy guidelines, such as O.I. 242.1(18), created by agencies, often constrain an agency's use of discretion.  See INS v. Yang, 519 U.S. 26, 31-32 (1996); Morton v. Ruiz, 415 U.S. 199, 235 (1974); Moret v. Karn, 746 F.2d 989, 992 (3d Cir. 1984); Pasquini v. Morris, 700 F.2d 658, 662 (11th Cir. 1983); Nicholas v. INS, 590 F.2d 802, 807 (9th Cir. 1979).  The O.I. at issue here, however, did not place limitations on the INS's discretion: it created a necessary and essential requirement of approval by the designated commissioner before an Order to Show Cause could be issued seeking the deportation of a veteran.

Because the Government presented no evidence of any such prior approval, and indeed conceded that no record of approval of the Order to Show Cause existed, we will vacate the BIA's final order of removal and remand to the BIA to further remand to the Immigration Judge with instructions to dismiss the removal proceedings instituted against Campbell as void.[2]

---

[2]We commend the excellent legal representation provided by Mr. Campbell's *pro bono* counsel, John W. Boyle and Matthew R. Divelbiss of the Jones Day law firm in Pittsburgh, Pennsylvania.  Messrs. Boyle and Divelbiss are a credit to the bar, and the Court's outcome today reflects their selfless commitment of time, effort and resourcefulness to Mr. Campbell's cause.